## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | | |
|---|---|---|
| **PYC, LLC d/b/a PROSPECT YACHT CLUB, LLC** | : | Case No. 3:23CV-124-RGJ |
| | : | |
| | : | Judge: |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **CARRIER MARINE SERVICES** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, PYC, LLC d/b/a Prospect Yacht Club, LLC, by and through Counsel, for its *Complaint for Declaratory Relief* (the "Complaint") against Defendant Carrier Marine Services, states and alleges as follows:

## INTRODUCTION

1. This action involves an alleged maritime lien by Carrier Marine Services against Plaintiff's alleged vessel, arising out of a contract between Plaintiff and Defendant wherein Defendant agreed to remove a tree stump and trunk from underneath a connected barge structure on the Plaintiff's property by the displacement of sediment. On the date of performing the services, Defendant was unable to successfully remove the obstructions from the barge structure and proceeded to return the next day to again attempt to remove the debris, but Defendant was again unsuccessful. The contract provided that Defendant would perform the above-mentioned services for the amount of $6,400.00. However, after the second day of performing the services, Defendant sent an invoice for the amount of $12,800.00 to Plaintiff. When Plaintiff contested the difference in the original contract price from the price on the invoice received from Defendant, Defendant asserted that Defendant had obtained a maritime lien on Plaintiff's barge structure by virtue of the Agreement

between the parties and the work performed by Defendant. Defendant has also filed an improper UCC Financing Statement with the Kentucky Secretary of State. Plaintiff now seeks a declaration that there is no maritime lien held by Defendant against Plaintiff's barge structure; that only the original contract price of $6,400.00 is owed to Defendant; and that the UCC Financing Statement be invalidated.

## JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to 46 U.S.C.A. § 31343(2) for a declaration that Plaintiff's barge structure is not a vessel and, therefore, is not subject to a maritime lien claimed by Defendant.

3. The district courts of the United States have jurisdiction over a civil action to declare that an alleged vessel is not subject to a lien, regardless of the amount in controversy or the citizenship of the parties, pursuant to 46 U.S.C.A. § 31343(2).

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5. This Court has supplemental jurisdiction over the contractual dispute and the dispute surrounding the improper UCC Financing Statement pursuant to 28 U.S.C.A. § 1367.

6. Venue is proper in this Court under 46 U.S.C.A. § 31343(2) because the alleged vessel is located in this District.

## PARTIES

7. Plaintiff PYC, LLC d/b/a Prospect Yacht Club, LLC is an Indiana limited liability company, authorized to do business in the Commonwealth of Kentucky, with its principal office located at 214 E. Elm St., New Albany, IN 47150. PYC is the owner of the commercial property located at 1900 Victory Ln., Prospect, KY 40059 (the "Property") on which the connected barge structure (the "Structure"), which is the subject of this Complaint, is situated.

8. Upon information and belief, Carrier Marine Services is a Kentucky sole proprietorship, not registered with the Kentucky Secretary of State, with its principal office located at 6116 Red Spruce Dr., Louisville, KY 40229.

## STATEMENT OF FACTS

### Contract; the Commercial Instruments and Maritime Liens Act

9. The Commercial Instruments and Maritime Liens Act, codified at 46 U.S.C.A. § 31342, provides:

> (a) Except as provided in subsection (b) of this section, a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner--
>
> > (1) has a maritime lien on the vessel;
> >
> > (2) may bring a civil action in rem to enforce the lien; and
> >
> > (3) is not required to allege or prove in the action that credit was given to the vessel.
>
> (b) This section does not apply to a public vessel.

10. 46 U.S.C.A. § 31343 states:

> (a) Except as provided under subsection (d) of this section, a person claiming a lien on *a vessel documented, or for which an application for documentation has been filed, under chapter 121* may record with the Secretary a notice of that person's lien claim on a vessel. To be recordable, the notice must--
>
> > (1) state the nature of the lien;
> >
> > (2) state the date the lien was established;
> >
> > (3) state the amount of the lien;
> >
> > (4) state the name and address of the person; and
> >
> > (5) be signed and acknowledged.

11. On or about August 8, 2022, Plaintiff and Defendant entered into a General Contract for Services pursuant to which Defendant agreed to perform certain services in exchange for Plaintiff paying Defendant in the amount of $6,400.00.

12. The Description of Services in the General Contract for Services is as follows: "The [Defendant] agrees to provide the following services (collectively "Services" to [Plaintiff] described in detail below: Time and Material per hour with a eight hour minimum. Utilizing a Diver Air Lift and Hydro blast around tree stump and trunk attached, by displacement of sediment. Diver will displace as much material as time is allotted in eight hours. Assisting Oliver Contracting in removal of obstruction to the barge." (**Exhibit A – Contract**).

13. The Payment for Services in the General Contract for Services is as follows: "In exchange for Services rendered by [Defendant], [Plaintiff] agrees to pay [Defendant] in the amount of $6,400.00."

14. Furthermore, Section 16 of the General Contract for Services states as follows: "[Defendant] shall have a maritime lien against the Vessel or vessels, Cargo and or Equipment for all amounts due hereunder, which lien may be exercised even after delivery or surrender of the Vessel or vessels, Cargo and or Equipment by [Defendant] but will be deemed extinguished upon full payment."

15. Pursuant to the General Contract for Services, Plaintiff was to pay Defendant the total amount of $6,400.00 at the end of the day on which Defendant performed the services.

16. On or about July 25, 2022, Defendant began performance of the services under the General Contract for Services. However, Defendant was unable to complete the services under the General Contract for Services on that same day.

17. Defendant returned the following day and continued to provide the services under the General Contract for Services. No additional charge was discussed or agreed upon.

18. Even after returning for a second day, Defendant was unable to remove the tree stump and trunk which were obstructing the Structure.

19. At the end of the second day, because Defendant was unable to complete the services under the General Contract for Services, Plaintiff instructed Defendant to stop performing work to the Structure.

20. The tree stump and trunk which were obstructing the Structure and which were to be removed by Defendant continue to obstruct the Structure.

21. After Plaintiff instructed Defendant to stop performing work to the Structure, Defendant submitted an invoice to Plaintiff in the total amount of $12,992.00 for the work Defendant performed, which is $6,592.00 greater than the amount included in the Agreement, which Plaintiff contested.

22. Defendant responded by demanding payment for the full amount of $12,992.00 and claiming to have a maritime lien against the Structure pursuant to Section 16 of the General Contract for Services.

23. However, the Structure does not fit the definition of a vessel under 1 U.S.C.A. § 3, which provides: "The word 'vessel' includes every description of watercraft or other artificial contrivance used, or capable or being used, as a means of transportation on water."

**UCC Financing Statement**

24. Defendant filed a UCC Financing Statement with the Kentucky Secretary of State on or about January 5, 2023, which was thereafter amended on March 2, 2023 and March 6, 2023. **(Exhibit B – UCC Acknowledgment)**.

25. The UCC Financing Statement is outside of the scope of KRS § 355.9-109(4)(b), which states that "This article does not apply to: A lien, other than an agricultural lien, given by statute or other rule of law for services or materials…."

26. The Contract does not create a security interest.

## CAUSES OF ACTION

### CLAIM I
### DECLARATION OF RIGHTS (46 U.S.C.A. § 31342)

27. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

28. 46 U.S.C.A. § 31342 states: (a) Except as provided in subsection (b) of this section, a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner—(1) has a maritime lien on the vessel; (2) may bring a civil action in rem to enforce the lien; and (3) is not required to allege or prove in the action that credit was given to the vessel. (b) This section does not apply to a public vessel."

29. Based on the foregoing, Plaintiff seeks the following declaration of its rights, that Defendant has not asserted, and cannot assert a claim for a maritime lien under 46 U.S.C.A. § 31342 because the Structure is not a vessel.

### CLAIM II
### DECLARATION OF RIGHTS (UCC; KRS § 355.9-109)

30. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

31. KRS § 355.9-109(4)(b) states that "This article does not apply to: A lien, other than an agricultural lien, given by statute or other rule of law for services or materials…."

32. Based on the foregoing, Plaintiff seeks the following declaration of its rights, that:

    a.  The Contract does not establish a security interest;

    b.  Because the Contract does not establish a security interest, Defendant's filing falls outside of the scope of KRS § 355.9-109; and

    c.  Because Defendant's filing falls outside of the scope of KRS § 355.9-109, it is invalid.

## CLAIM III
### DECLARATION OF RIGHTS (Contract)

33. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

34. Based on the foregoing, Plaintiff seeks the following declaration of its rights, that:

    a.  An actual controversy exists between Plaintiff and Defendant as to the amount owed under the General Contract for Services;

    b.  The payment due to Defendant by Plaintiff pursuant to the General Contract for Services is stated as $6,400.00;

    c.  Section 5 of the General Contract for Services does not account for the difference between the $6,400.00 amount in the General Contract for Services and the $12,992.00 amount invoiced by Defendant to Plaintiff;

    d.  Section 6 of the General Contract for Services does not account for the difference between the $6,400.00 amount in the General Contract for Services and the $12,992.00 amount invoiced by Defendant to Plaintiff;

    e.  Section 11 of the General Contract for Services does not account for the difference between the $6,400.00 amount in the General Contract for Services and the $12,992.00 amount invoiced by Defendant to Plaintiff;

  f. Section 16 of the General Contract for Services does not account for the difference between the $6,400.00 amount in the General Contract for Services and the $12,992.00 amount invoiced by Defendant to Plaintiff;

  g. Section 19 of the General Contract for Services does not account for the difference between the $6,400.00 amount in the General Contract for Services and the $12,992.00 amount invoiced by Defendant to Plaintiff; and

  h. Therefore, pursuant to the General Contract for Services, and because nothing in the General Contract for Services allows Defendant to unilaterally charge Plaintiff in excess of the $6,400.00 amount, Plaintiff owes Defendant $6,400.00 for Defendant's performance of the services under the General Contract for Services.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant, and award the following relief:

A. Declare that Plaintiff and/or Plaintiff's Structure is not subject to a maritime lien claimed by Defendant through the performance of services pursuant to the General Contract for Services.

B. Award Plaintiff its costs and reasonable attorneys' fees in this action;

C. Grant Plaintiff such other relief as this Court may deem just and proper.

Date: March 14, 2023                    Respectfully submitted,

                                                               */s/ Parker M. Wornall*
                                                                Parker M. Wornall
                                                                Gregory A. Healey
                                                                Commonwealth Counsel Group, PLLC
                                                                10343 Linn Station Road, Ste 100
                                                                Louisville, Kentucky 40223
                                                                Phone: (502) 805-2303
                                                                parker@ccgattorneys.com
                                                                greg@ccgattorneys.com
                                                                COUNSEL FOR PLAINTIFF
                                                                PYC, LLC d/b/a PROSPECT YACHT CLUB, LLC